UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
CASE NO.:17-24081-CIV-WILLIAMS

OMELIA DEL ROSARIO GUTIERRZ,
ANA M. CASTILLO, and all others
similarly situated under 29 USC 216(b),
        Plaintiff,
vs.

GALIANO ENTERPRISES OF MIAMI, CORP.,
d/b/a GALIANO RESTAURANT, and
SULTAN MAMUN,
        Defendants,
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

## BY SULTAN MAMUN

COMES NOW DEFENDANT SULTAN MAMUN to answer the Amended Complaint and plead its affirmative defenses, and in doing so states:

1. Defendant admits that this is a purported action under the Fair Labor Standards Act, 29 USC §§ 201-216 as pled in paragraph 1.

2. In an abundance of caution, Defendant denies paragraph 2 and demands strict proof thereof.

3. Defendant admits that GALIANO ENTERPRISES OF MIAMI CORP regularly transacts business within Miami-Dade County, but otherwise denies paragraph 3 and demands strict proof thereof.

4. Defendant admits that he is an owner of Defendant but otherwise denies paragraph 4 and demands strict proof thereof.

5. Defendant denies paragraph 5 and demands strict proof thereof.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. Defendant denies paragraph 6 and demands strict proof thereof.

7. Defendant admits paragraph 7.

8. Defendant admits paragraph 8.

9. Defendant denies paragraph 9 and demands strict proof thereof.

10. Defendant denies paragraph 10 and demands strict proof thereof.

11. Defendant denies paragraph 11 and demands strict proof thereof.

12. Defendant denies paragraph 12 and demands strict proof thereof.

13. Defendant denies paragraph 13 and demands strict proof thereof.

14. Defendant denies paragraph 14 and demands strict proof thereof.

15. Defendant denies paragraph 15 and demands strict proof thereof.

16. Defendant denies paragraph 16 and demands strict proof thereof.

17. Defendant denies paragraph 17 and demands strict proof thereof.

18. Defendant denies paragraph 18 and demands strict proof thereof.

19. Defendant denies paragraph 19 and demands strict proof thereof.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

20. Defendant denies paragraph 20 and demands strict proof thereof.

21. Defendant denies paragraph 21 and demands strict proof thereof.

22. Defendant denies paragraph 22 and demands strict proof thereof.

23. Defendant denies paragraph 23 and demands strict proof thereof.

24. Defendant denies paragraph 24 and demands strict proof thereof.

25. Defendant denies paragraph 25 and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. Defense 1: Plaintiffs claims are barred by the statute of limitations on the causes of actions filed.

2. Defense 2: In order for either Plaintiff to prevail, she must have actually performed the work and number of hours claimed. Neither of these Plaintiffs have actually performed the work and number of hours claimed, therefore they are each barred from recovery under the causes of action filed.

3. Defense 3: Each Plaintiff is barred from recovery for any and all non-compensable time claimed.

4. Defense 4: Defendant's payment of wages practices was performed in good faith pursuant to the Portal-to-Portal Act, Section 11, due to its subjective good faith (honesty of intention without actual or constructive notice of a FLSA violation) and its reasonable grounds for believing its conduct complied with the FLSA.

5. Defense 5: Neither Plaintiff may recover under a traditional FLSA coverage analysis as neither Plaintiff engaged in commerce or the production of goods for commerce in her job responsibilities.

6. Defense 6: Neither Plaintiff may recover under an enterprise analysis as Defendant is not an enterprise because it has not grossed the dollar value amount of $500,000 at any relevant time, nor can its operations be combined with any other entity to collectively comprise an "enterprise".

7. Defense 7: Defendant cannot be held individually liable (separate from or in addition to the defendant corporation) for either of the causes of action because at no relevant time did he exercise control of significant aspects of the defendant corporation's day to day functions.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury for all issues so triable.

DATED: DECEMER 15, 2017.

                                        Respectfully submitted,

                           By:    /S/ARTHUR J JONES_____
                                   Arthur J. Jones, Esq.
                                   Florida Bar No. 709247
                                   THE ARTHUR FIRM, P.L.
                                   Suite 1250, 4770 Biscayne Boulevard
                                   Miami, FL 33137
                                   T: (305) 330.6696
                                   F: (305) 397.0315
                                   thearthurfirm@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on DECEMBER 4, 2017, I electronically filed the foregoing document with the Clerk of the US Court suing CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for the counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                       /S/ARTHUR J JONES_____
                                                     Arthur J. Jones, Esq.

**SERVICE LIST**

*Attorneys for Plaintiffs*
JH Zidell, PA
300 71st ST, Suite 605
Miami Beach, FL 33141
zabogado@aol.com