UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24081-CIV-KMW

OMELIA DEL ROSARIO GUTIERREZ, )
ANA M CASTILLO, CECILA RAMIREZ )
BRITO and all others similarly situated under )
29 U.S.C. 216(b) )
                                           Plaintiff, )
vs. )
  )
GALIANO ENTERPRISES OF MIAMI, )
CORP., d/b/a GALIANO RESTAURANT )
SULTAN MAMUN, )
                                          Defendants. )
_____

### THIRD AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiffs, OMELIA DEL ROSARIO GUTIERREZ ANA M CASTILLO and CECILA RAMIREZ BRITO, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Third Amended Complaint against Defendants, GALIANO ENTERPRISES OF MIAMI, CORP., d/b/a GALIANO RESTAURANT and SULTAN MAMUN, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant GALIANO ENTERPRISES OF MIAMI, CORP., d/b/a GALIANO RESTAURANT is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant SULTAN MAMUN is a corporate officer and/or owner and/or

**1** of **12**

manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff OMELIA DEL ROSARIO GUTIERREZ worked for Defendants as a waitress, cook, and cleaner from on or about August 19, 2002 through on or about July 25, 2017.

10. Plaintiff ANA M CASTILLO worked for Defendants as a waitress from on or about December 22, 2011 through on or about December 10, 2016.

11. Plaintiff CECILA RAMIREZ BRITO worked for Defendants as a waitress from on or about December 11, 2016 through on or about June 16, 2017.

12. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $375,000 for the first nine months of the year 2017 and is expected to exceed $500,000 for the year 2017.

16. Upon information and belief, Defendants own and operate several other restaurants in the tri-

state area and are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between Defendants and multiple other restaurants in the tri-state area are performed through unified operation and/or common control, are being done for a common business purpose and there is cross-utilization of employees during the same work weeks simultaneously benefiting all Companies which are operated by the same company officers for a common business purpose. For purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiffs intend to stack income as appropriate pursuant to the applicable law.

17. Individual Defendant, SULTAN MAMUN, was Plaintiffs' individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

18. Between the period of on or about January 1, 2012 through on or about December 31, 2016, Plaintiff OMELIA DEL ROSARIO GUTIERREZ worked an average of 50 hours a week for Defendants and was paid an average of $2.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

19. Between the period of on or about December 22, 2011 through on or about December 10, 2016, Plaintiff ANA M CASTILLO worked an average of 44 hours a week for Defendants and was paid an average of $2.05 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

20. Between the period of on or about December 11, 2016 through on or about June 16, 2017, Plaintiff CECILA RAMIREZ BRITO worked an average of 57 hours a week for Defendants

and was paid an average of $1.75 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

21. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COME NOW PLAINTIFFS, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-19 above and further state:

22. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed

in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a)(1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

23. Between the period of on or about January 1, 2012 through on or about December 31, 2016, Plaintiff OMELIA DEL ROSARIO GUTIERREZ worked an average of 50 hours a week for Defendants. Plaintiff was paid $2.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $2.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.00/hr and the applicable minimum wage rate for all hours worked.

24. Between the period of on or about January 1, 2017 through on or about July 25, 2017, Plaintiff OMELIA DEL ROSARIO GUTIERREZ worked an average of 35 hours a week for Defendants. Plaintiff was paid $2.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $2.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.00/hr and the applicable minimum wage rate for all hours worked.

25. Between the period of on or about December 22, 2011 through on or about December 10, 2016, Plaintiff ANA M CASTILLO worked an average of 44 hours a week for Defendants. Plaintiff was paid $2.05/hr for said work in violation of the Fair Labor Standards Act as said payment of $2.05/hr did not meet the applicable Federal Minimum Wage required for said period of

time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.05/hr and the applicable minimum wage rate for all hours worked.

26. Between the period of on or about December 11, 2016 through on or about June 16, 2017, Plaintiff CECILA RAMIREZ BRITO worked an average of 57 hours a week for Defendants. Plaintiff was paid $1.75/hr for said work in violation of the Fair Labor Standards Act as said payment of $1.75/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $1.75/hr and the applicable minimum wage rate for all hours worked.

27. The Defendants wage payment practices to Plaintiffs for this time period did not meet the federal minimum wage law requirements as Plaintiffs were not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

28. Defendants willfully and intentionally refused to pay Plaintiffs' minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, Plaintiffs request double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is

greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury*.

## COUNT III. FLORIDA MINIMUM WAGE VIOLATIONS

COME NOW PLAINTIFFS, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-28 above and further state:

29. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

30. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

31. Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

32. All conditions precedent pursuant to §448.110 have been met by Plaintiffs to seek to add Plaintiffs' minimum wage claims against the Defendants.

33. On November 7, 2017, Plaintiff Gutierrez initially sent via certified U.S Mail the required

Florida Minimum Wage Notices to Defendants pursuant to Florida Statute § 448.110(6)(a).

34. Thereafter, on November 22, 2017, Plaintiff Castillo initially sent via certified U.S Mail the required Florida Minimum Wage Notices to Defendants pursuant to Florida Statute § 448.110(6)(a).

35. Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

36. On December 21, 2017, Plaintiffs served Defense Counsel, Aruthur J. Jones, Esq., via email on behalf of all Defendants with both Plaintiffs' Florida Minimum Wage Letters and, therefore Defendants were served with the Letters as of December 21, 2017, the latest. *See attached* Exhibit "A."

37. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on January 5, 2018, based on the date Defendants were served via email by and through their counsel. As of the date of filing the instant Motion, the Plaintiffs and the Defendants have been unable to resolve said Florida Minimum Wage violation.

38. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage

was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

39. Between the period of on or about January 1, 2012 through on or about December 31, 2016, Plaintiff OMELIA DEL ROSARIO GUTIERREZ worked an average of 50 hours a week for Defendants. Plaintiff was paid $2.00/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[1] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.00/hr and the applicable minimum wage rate for all hours worked.

40. Between the period of on or about January 1, 2017 through on or about July 25, 2017, Plaintiff OMELIA DEL ROSARIO GUTIERREZ worked an average of 35 hours a week for Defendants. Plaintiff was paid $2.00/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[2] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.00/hr and the applicable minimum wage rate for all hours worked.

41. Between the period of on or about December 22, 2011 through on or about December 10, 2016, Plaintiff ANA M CASTILLO worked an average of 44 hours a week for Defendants. Plaintiff was paid $2.05/hr for said work which did not meet the applicable Florida minimum wage for

---

[1] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.
[2] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

said time period as required by the Florida Constitution.[3] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.05/hr and the applicable minimum wage rate for all hours worked.

42. The Defendant's wage payment practices to Plaintiffs for the above mentioned time period, did not meet the Florida minimum wage law requirements as Plaintiffs were not paid the required Florida minimum wage for all hours worked and are therefore claiming the difference between the amount paid to Plaintiffs and the applicable Florida minimum wage for the time period specified above.

43. Defendant willfully and intentionally refused to pay Plaintiffs' minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendant remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendant for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from the Defendant pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendant or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

---

[3] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 2/14/18 TO:**

**ARTHUR JONATHAN JONES, ESQ.
ARTHUR FIRM PL
4770 BISCAYNE BOULEVARD, SUITE 1250
MIAMI, FL 33137
305-330-6696
FAX: 305-397-0315
EMAIL: THE.ARTHUR.FIRM@GMAIL.COM**