**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Miami Division)**
**CASE NO.:17-24081-CIV-WILLIAMS**

OMELIA DEL ROSARIO GUTIERRZ,
ANA M. CASTILLO, CECILIA RAMIREZ
BRITO and all others similarly situated under
29 USC 216(b),
        Plaintiff,
vs.

GALIANO ENTERPRISES OF MIAMI, CORP.,
d/b/a GALIANO RESTAURANT, and
SULTAN MAMUN,
        Defendants,
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

**BY GALIANO ENTERPRISES OF MIAMI CORP**

    COMES NOW DEFENDANT GALIANI ENTERPRISES OF MIAMI CORP to answer the Fourth Amended Complaint and plead its affirmative defenses, and in doing so states:

1. Defendant admits that this is a purported action under the Fair Labor Standards Act, 29 USC §§ 201-216 as pled in paragraph 1.

2. In an abundance of caution, Defendant denies paragraph 2 and demands strict proof thereof.

3. Defendant admits that it regularly transacts business within Miami-Dade County, but otherwise denies paragraph 3 and demands strict proof thereof.

4. Defendant admits that SULTAN MAMUN is an owner of Defendant but otherwise denies paragraph 4 and demands strict proof thereof.

5. Defendant denies paragraph 5 and demands strict proof thereof.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. Defendant denies paragraph 6 and demands strict proof thereof.

7. Defendant admits paragraph 7.

8. Defendant admits paragraph 8.

9. Defendant denies paragraph 9 and demands strict proof thereof.

10. Defendant denies paragraph 10 and demands strict proof thereof.

11. Defendant denies paragraph 11 and demands strict proof thereof.

12. Defendant denies paragraph 12 and demands strict proof thereof.

13. Defendant denies paragraph 13 and demands strict proof thereof.

14. Defendant denies paragraph 14 and demands strict proof thereof.

15. Defendant denies paragraph 15 and demands strict proof thereof.

16. Defendant denies paragraph 16 and demands strict proof thereof.

17. Defendant denies paragraph 17 and demands strict proof thereof.

18. Defendant denies paragraph 18 and demands strict proof thereof.

19. Defendant denies paragraph 19 and demands strict proof thereof.

20. Defendant denies paragraph 20 and demands strict proof thereof.

21. Defendant denies paragraph 21 and demands strict proof thereof.

22. Defendant denies paragraph 22 and demands strict proof thereof.

23. Defendant denies paragraph 23 and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to any remedies whatsoever as sought in Count I and demand strict proof thereof.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

24. Defendant admits paragraph 24.

25. Defendant denies paragraph 25 and demands strict proof thereof.

26. Defendant denies paragraph 26 and demands strict proof thereof.

27. Defendant denies paragraph 27 and demands strict proof thereof.

28. Defendant denies paragraph 28 and demands strict proof thereof.

29. Defendant denies paragraph 29 and demands strict proof thereof.

30. Defendant denies paragraph 30 and demands strict proof thereof.

31. Defendant denies paragraph 31 and demands strict proof thereof.

32. Defendant denies paragraph 32 and demands strict proof thereof.

33. Defendant denies paragraph 33 and demands strict proof thereof.

Defendant denies that Plaintiffs are entitled to any remedies whatsoever as sought in Count II and demands strict proof thereof.

## COUNT III. FLORIDA MINIMUM WAGE VIOLATIONS

34. Defendant admits paragraph 34.

35. Defendant admits paragraph 35.

36. Defendant admits paragraph 36.

37. Defendant admits paragraph 37.

38. Defendant admits paragraph 38.

39. Defendant admits paragraph 39.

40. Defendant admits paragraph 40.

41. Defendant admits paragraph 41.

42. Defendant admits paragraph 42.

43. Defendant admits paragraph 43.

44. Defendant admits paragraph 44.

45. Defendant admits paragraph 45.

46. Defendant admits paragraph 46.

47. Defendant denies paragraph 47 and demands strict proof thereof.

48. Defendant denies paragraph 48 and demands strict proof thereof.

49. Defendant denies paragraph 49 and demands strict proof thereof.

50. Defendant denies paragraph 50 and demands strict proof thereof.

51. Defendant denies paragraph 51 and demands strict proof thereof.

52. Defendant denies paragraph 52 and demands strict proof thereof.

53. Defendant denies paragraph 53 and demands strict proof thereof.

54. Defendant denies paragraph 54 and demands strict proof thereof.

55. Defendant denies paragraph 55 and demands strict proof thereof.

   Defendant denies that Plaintiffs are entitled to any remedies whatsoever as sought in Count III and demand strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. Defense 1: In order for either of the Plaintiffs to prevail, she must have actually performed the work and number of hours claimed. Neither of these Plaintiffs have actually performed the work and number of hours claimed, therefore they are each barred from recovery under the causes of action filed.

2. Defense 2: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count because even if unlawful practices occurred, which they did not, then such practice(s) was/were not committed, countenanced, ratified or approved by higher management in Defendant's corporate structure.

3. Defense 3: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count because Defendant neither committed any oppressive, willful, wanton, fraudulent, or malicious act nor authorized or ratified any such act with respect to either Plaintiff, and at all relevant times Defendant acted in good faith and with reasonable grounds for believing that it had complied with the FLSA and FMWA.

4. Defense 4: At all times relevant, Defendant's practices were performed in good faith pursuant to the Portal-to-Portal Act, Section 11, due to its subjective good faith (honesty of intention without actual or constructive notice of a FLSA or FMWA violation) and its reasonable grounds for believing its conduct complied with the FLSA and FMWA.

5. Defense 5: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count because the work claimed to have been performed as pled in the pending iteration of the Complaint falls within exemptions, exceptions, exclusions, and/or credits provided for in Section 7 of FLSA at 29 U.S.C. §207.

6. Defense 6: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count to the extent that the pending iteration of the Complaint seeks damages which are not recoverable under the FLSA or FMWA.

7. Defense 7: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count because the pending iteration of the Complaint seeks to recover damages for time

allegedly worked which is *de minimus* and/or otherwise not compensable under the FLSA and FMWA.

8. Defense 8: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count because no relevant actions by Defendant were willful or knowing.

9. Defense 9: Neither Plaintiff is entitled, in whole or in part, to any recovery, relief, or remedy sought in either count because they are each brought outside the statute of limitations enumerated in 29 U.S.C. §255(a).

10. Defense 10: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count because, upon information and belief, each Plaintiff has failed to mitigate any damages which she has alleged to have suffered.

11. Defense 11: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count to the extent the damages each Plaintiff has alleged to have suffered are speculative in nature.

12. Defense 12: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count because they are barred, in whole or in part, as a consequence of each Plaintiff's own actions..

13. Defense 13: Neither Plaintiff is entitled, in whole or in part, to any recovery, relief, or remedy sought in either count to the extent that each Plaintiff claims damages for alleged injuries which she could have reasonably avoided.

14. Defense 14: Neither Plaintiff is entitled to any recovery, relief, or remedy sought in either count because they are barred by the equitable doctrines of laches, waiver, estoppel and/or clean hands.

15. Defense 15: Neither Plaintiff may recover under an enterprise analysis as Defendant is

not an enterprise because it has not grossed the dollar value amount of $500,000 at any relevant time, nor can its operations be combined with any other entity to collectively comprise an "enterprise".

16. Defense 16: Plaintiffs cannot prevail in Count I because they have failed to state a cause of action for Federal Overtime Violations under the FLSA.

17. Defense 17: Plaintiffs cannot prevail in Count II because they have failed to state a cause of action for Federal Minimum Wage Violations under the FLSA.

18. Defense 18: Plaintiffs cannot prevail in Count III because they have failed to state a cause of action for Florida Minimum Wage Violations under the FMWA.

## **RESERVATION OF RIGHT TO AMEND**

Defendant hereby reserves its right to amend these defenses upon discovery of sufficient information during the litigation to plead the same.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury for all issues so triable.

DATED: <u>MARCH 26, 2018</u>.

                                        Respectfully submitted,

By:  /S/ARTHUR J JONES  
Arthur J. Jones, Esq.  
Florida Bar No. 709247  
THE ARTHUR FIRM, P.L.  
Suite 1250, 4770 Biscayne Boulevard  
Miami, FL 33137  
T: (305) 330.6696  
F: (305) 397.0315  
thearthurfirm@gmail.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY THAT on MARCH 26, 2018, I electronically filed the foregoing document with the Clerk of the US Court suing CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for the counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

               /S/ARTHUR J JONES_____
               Arthur J. Jones, Esq.

**SERVICE LIST**

*Attorneys for Plaintiffs*
JH Zidell, PA
300 71st ST, Suite 605
Miami Beach, FL 33141
zabogado@aol.com