UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24081-CIV-KMW/EGT

OMELIA DEL ROSARIO GUTIERREZ, )
ANA M CASTILLO, CECILA RAMIREZ )
BRITO, and all others similarly situated under )
29 U.S.C. 216(b) )
                                             )
         Plaintiff, )
  vs. )
                                             )
GALIANO ENTERPRISES OF MIAMI, )
CORP., d/b/a GALIANO RESTAURANT, )
SULTAN MAMUN, )
                                             )
         Defendants. )
_____ )

## **JOINT STIPULATION TO NARROW THE ISSUES FOR JURY TRIAL**

IT IS HEREBY STIPULATED AND AGREED by and between Counsel for the Plaintiffs, OMELIA DEL ROSARIO GUTIERREZ, ANA M CASTILLO, and CECILA RAMIREZ BRITO ("Plaintiffs"), and Defendants, GALIANO ENTERPRISES OF MIAMI, CORP., d/b/a GALIANO RESTAURANT, and SULTAN MAMUN ("Defendants"), (collectively Plaintiffs and Defendants are herein referred to as the "Parties"):

All Parties stipulate that FLSA enterprise coverage/subject matter jurisdiction exists, specifically the $500,000 monetary threshold requirement, as to the Corporate Defendant, GALIANO ENTERPRISES OF MIAMI, CORP., d/b/a GALIANO RESTAURANT, for the relevant time period, specifically the years 2011, 2012, 2013, 2014, 2015, 2016, and 2017, as the Corporate Defendant had annual gross sales of at least $500,000 for these years.

Therefore, the Parties agree no further discovery is necessary regarding the Corporate Defendant's annual gross sales with regards to the issue of FLSA enterprise coverage/subject matter jurisdiction for the relevant time period, specifically the years 2011, 2012, 2013, 2014,

2015, 2016, and 2017.  Further, as Defendants have already stipulated to the interstate commerce prong [DE30], all Parties stipulate that FLSA enterprise coverage/subject matter jurisdiction exists as to Defendants for the years 2011, 2012, 2013, 2014, 2015, 2016, and 2017, and no further discovery is necessary as to same.

Further, Defendants stipulate that they did not in any way whatsoever rely on the advice of their accountant(s) Ana Castro and/or AMC Professional Services and/or any other accountant and/or accounting firm to ensure that they were in compliance with the overtime and/or minimum and/or tip credit laws/regulations/requirements. Defendants stipulate that they did not rely on the advice of their accountant(s) Ana Castro and/or AMC Professional Services and/or any other accountant and/or accounting firm as to their "good faith" and/or "willful" defense. Defendants stipulate that they did not rely on the advice of their accountant(s) Ana Castro and/or AMC Professional Services and/or any other accountant and/or accounting firm to avoid the imposition of willfulness.

Respectfully Submitted,

Dated this 30th day of April, 2018.

| | |
|---|---|
| By: */s/ Rivkah F. Jaff, Esq.* | By: */s/ Arthur J. Jones, Esq.* |
| Rivkah F. Jaff, Esq. | Arthur J. Jones, Esq. |
| Fla. Bar No. 107511 | Fla. Bar. No.: |
| Email: Rivkah.Jaff@gmail.com | Email: The.Arthur,Firm@gmail.com |
| J.H. ZIDELL, P.A. | Arthur Firm PL |
| 300 71st Street, Suite 605 | 4770 Biscayne Boulevard, Suite 1250 |
| Miami Beach, FL 33141 | Miami, FL 33137 |
| Telephone: (305) 865-6766 | Telephone: (305) 330-6696 |
| Facsimile: (305) 865-7167 | Facsimile: (305) 397-0315 |
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |