UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24081-CIV-EGT

[CONSENT CASE]

OMELIA DEL ROSARIO GUTIERREZ,                )
ANA M CASTILLO, CECILA RAMIREZ               )
BRITO, and all others similarly situated under )
29 U.S.C. 216(b)                             )
                                             )
                                             )
              Plaintiffs,                    )
       vs.                                   )
                                             )
                                             )
GALIANO ENTERPRISES OF MIAMI,                )
CORP., d/b/a GALIANO RESTAURANT,             )
SULTAN MAMUN,                                )
                                             )
              Defendants.                    )
_____    )

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION IN *LIMINE* [DE 72]**

**COMES NOW** the Plaintiff, by and through undersigned counsel, pursuant to the

Federal Rules of Civil Procedure, and Replies to Defendants' Response in Opposition to

Plaintiff's Omnibus Motion *In Limine*, filed by Defendants as [DE 76], and in support thereof

states as follows:

1.      Plaintiff's Omnibus Motion *In Limine* [DE153] sought to exclude reference or

introduction to the following eight (8) issues:

Reference to attorneys' fees and costs; b) Reference to liquidated damages; c) Reference

to the undersigned Firm's representation of Plaintiffs; d) Any reference to Plaintiffs' payment or

non-payment of federal income taxes and reporting of cash payments on said taxes; e) Reference

to Plaintiffs' arrests, convictions, pleas of *no lo contendere*, and pending criminal cases, if any; f)

1

Reference to Plaintiff Omelia Gutierrez on the job accident; g) Reference to Plaintiff Cecilia Brito's pregnancy claims; h) Reference to Plaintiff's immigration status;

2.      In their Response in Opposition [DE76], Defendants note their lack of objection to issues (a), (b), (c), (e) and (h), and, as such, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* on said issues.

3.      Defendants address only the three remaining issues addressed in Plaintiff's Omnibus Motion (d), (f) and (g) thus Plaintiff will address same *infra*.

## MEMORANDUM OF LAW

### D.  Reference to Plaintiffs' Taxes.

Plaintiff refers to his Motion and discussion of *Ortiz v. Santuli Corp.*, 2009 U.S. Dist. LEXIS 72731 (S.D. Fla. Aug. 3, 2009).  The "Plaintiff's wrongdoing—failing to pay federal income taxes on wages already earned—is in no way connected with the Defendants' alleged failure to properly compensate Plaintiff." *Solano v. A Navas Party Produc., Inc.*, 728 F. Supp. 2d 1334, 1339–40 (S.D. Fla. 2010) (Altonaga, J.) (rejecting *in pari delicto* defense); *see also Martinez–Pinillos v. Air Flow Filters, Inc.,* 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010) (Martinez, J.); *Barrera v. Weiss & Woolrich S. Enters. Inc.,* No. 09–cv–21841, ECF No. 131 at *4 (S.D. Fla. Jan. 25, 2010) (Graham, J.) (noting "[t]here is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment").

Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." A court, however, "may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." *Id*. Questioning

Plaintiff on his filing of income taxes is irrelevant to the case at hand and will unfairly prejudice

Plaintiff. As stated by this District previously:

> ... the undersigned concludes that Defendants shall be precluded from
> suggesting that Plaintiffs failed to pay income taxes because such evidence
> will likely create undue prejudice in the minds of the jurors: and it will
> likely give rise to collateral disputes -- including the extent of Plaintiffs'
> reporting obligations regarding such taxes -- that will cause undue delay
> and confusion of the issues. Thus, Plaintiffs' motion in limine to preclude
> Defendants from introducing evidence that Plaintiffs failed to pay income
> taxes is GRANTED.

*Ortiz v. Santuli Corp.,* 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009). Should

Defendants be permitted to explore through witness testimony and/or introduce evidence

regarding Plaintiff's payment or non-payment of federal income taxes and reporting of cash

payments it will inevitably lead to references to impeachable conduct by the Defendants (i.e.

their failure to pay employment taxes or social security, provide Plaintiff with accurate and

correct W-2/1009 tax forms, etc.).  Under *Santuli Corp*., Plaintiff believes he will suffer unfair

prejudice and Defendants attempts to unfairly prejudice Plaintiff is obvious where Defendants

clarify that they intend to reference the tax returns to attack Plaintiff's "credibility." In other

words, Defendants wish to conduct a mini tax trial in front of the Jury to prejudice the Plaintiff's

claims, but at the same time want the Court to preclude Plaintiffs from referencing Defendants'

violations at trial (i.e. what Defendants refer to as "me too" testimony, other FLSA lawsuits,

etc.). Any reference to Plaintiff's payment or non-payment of federal income taxes should be

excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially

outweighed by the danger of unfair prejudice and confusion of the issues.

Moreover, Plaintiff's private financial life is not relevant to Plaintiff's wage claim and is

otherwise protected by Section 23 of Article I of the Florida Constitution. *See Berlinger v. Wells

Fargo, N.A.*, 2014 WL 6686276, at *3 (M.D. Fla. 2014) (under Florida law, a party's personal

financial information is entitled to heightened protection in litigation proceedings). In *Berlinger*, the Court stated:

> [P]ersonal finances are among those private matters kept secret by most people. *Woodward v. Berkery,* 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing *Winfield v. Div. of Pari–Mutuel Wagering,* 477 So.2d 544 (Fla.1985)).

The right of privacy set forth in article 1, section 23, of the Florida Constitution undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues. *Id.* at 1036. It follows that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. *Straub v. Matte,* 805 So.2d 99, 100 (Fla. 4th DCA 2002). *Id. citing Rappaport v. Mercantile Bank,* 17 So. 3d 902, 906 (Fla. 2d DCA 2009) (quotes omitted). Defendants should not be entitled to embark on a mini-IRS audit of Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

**F.   Reference to Plaintiff Omelia Gutierrez on the Job Accident.**

The law is clear that an individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee. *Barrentine v. Arkansas-Best Freight Sys., Inc*., 450 U.S. 728 (U.S. 1981). *Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998).

Reference to the Plaintiff's injury in relation to Plaintiff's motivation for filing the subject lawsuit is irrelevant and prejudicial and will only be used to unfairly prejudice the jury against Plaintiff. Allowing Defendants, through their counsel, to make said comments or similar comments will only inflame and unfairly prejudice the jury against Plaintiff and should be

4

excluded pursuant to Rule 403 of the Federal Rules of Evidence as any possible probative value said information would have will clearly and substantially be outweighed by the danger of unfair prejudice and confusion that it would cause in this case. Reference to the injury should only be permitted and limited to demonstrate in relation to Defendants' good faith defense. The Court ought determine admissibility via a motion in *limine*. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).    The Court should exclude any evidence when probative value is substantially outweighed by the prospect of prejudice.  *Zenith Radio Corp.,* 505 F. Supp. at 1146.  *See*, Fed. R. Evid. Rule 403. In addition, the Southern District of Florida has granted motions in limine related to prior lawsuits. Reference to the injury should be limited to issues regarding willfulness and good faith only.

### G.  Reference to Plaintiff Cecilia Brito's Pregnancy Claims.

The law is clear that an individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee. *Barrentine v. Arkansas-Best Freight Sys., Inc*., 450 U.S. 728 (U.S. 1981). *Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998).

Reference to the Plaintiff's on the job pregnancy claims in relation to Plaintiff's motivation for filing the subject lawsuit is irrelevant and prejudicial and will only be used to unfairly prejudice the jury against Plaintiff. Reference to the pregnancy claim should only be permitted and limited to demonstrate in relation to Defendants' good faith defense. The Court ought determine admissibility via a motion in *limine*.  *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).   The Court should exclude any evidence when

probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp.,* 505 F. Supp. at 1146. *See*, Fed. R. Evid. Rule 403. In addition, the Southern District of Florida has granted motions in limine related to prior lawsuits.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT EXCLUDE IN *LIMINE* AT TRIAL ALL OF THE EVIDENCE SET FORTH HEREIN-ABOVE (D), (F) and (G). DEFENDANTS DO NOT OPPOSE (A, B, C, E, and H) AND, AS SUCH, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT GRANT PLAINTIFF'S MOTION IN *LIMINE* ON SAME.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ J. Paxton Marshall ___
   J. Paxton Marshal, Esquire
   Florida Bar No.: 028098

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/15/19 TO THE FOLLOWING:**

**ALL CM/ECF REGISTRANTS**

**ADI AMIT, ESQ.**
**ADI AMIT, P.A.**
**101 CENTRE**
**101 NE THIRD AVE., SUITE 300**
**FORT LAUDERDALE, FLORIDA 33301**
**PHONE: (954) 533-5922**
**E-MAIL: ADI@DEFENDEROFBUSINESS.COM**

**BY:___/s/___J. Paxton Marshall_____**
**J. PAXTON MARSHALL, ESQ.**