# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24081-Civ-TORRES

OMELIA DEL ROSARIO GUTIERREZ,
ANA M. CASTILLO, CECILA RAMIREZ
BRITO, and all others similarly situated
under 29 U.S.C. 216(b),

        Plaintiffs,

v.

GALIANO ENTERPRISES OF MIAMI,
CORP., d/b/a GALIANO RESTAURANT,
SULTAN MAMUN,

        Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION IN LIMINE

This matter is before the Court on Omelia Del Rosario Guiterrez's ("Ms. Guiterrez"), Ana M. Castillo's ("Ms. Castillo), and Cecila Ramirez's (Ms. Ramirez") (collectively, "Plaintiffs") motion in limine against Galiano Enterprises of Miami d/b/a Galiano Restaurant ("Galiano Restaurant") and Sultan Mamun ("Mr. Mamun") (collectively, "Defendants"). [D.E. 72]. Defendants responded to Plaintiffs' motion on July 8, 2019 [D.E. 76] to which Plaintiff replied on July 15, 2019. [D.E. 77]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful review of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiffs' motion is **GRANTED in part** and **DENIED in part**.[1]

---

[1] On April 2, 2018, the parties consented to the jurisdiction of the undersigned Magistrate Judge. [D.E. 42].

1

## I. BACKGROUND

Plaintiffs filed this action on November 7, 2017 for (1) overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), (2) federal minimum wage violations, and (3) Florida minimum wage violations. [D.E. 1]. Plaintiffs allege that Galiano Restaurant is a company that regularly transacts business in Miami-Dade County and that Mr. Mamun is a corporate officer/manager of the corporation. Between 2011 to 2017, Plaintiffs claim that they worked more than forty hours per week, and that Defendants failed to compensate them as required under the FLSA. Plaintiffs also allege that they worked for roughly two dollars per hour in violation of the minimum wage provisions of the FLSA and Florida law. Because Defendants failed to compensate Plaintiffs for overtime hours worked and paid Plaintiffs below the federal and state minimum wage, Plaintiffs request damages, fees, court costs, and interest.

## II. APPLICABLE PRINCIPLES AND LAW

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules, evidence is considered relevant if it has the tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative

value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial to a defendant. *See id*. (citing to other sources).

The term "unfair prejudice" in and of itself speaks to the ability of a piece of relevant evidence to lure the fact finder into declaring a defendant's guilt on grounds other than specific proof of the offense charged. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997). It also signifies an undue tendency to suggest guilt on an improper basis, commonly an emotional one. *See id.* In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds. *See King*, 713 F.2d at 631.

### III. ANALYSIS

Plaintiffs seek to preclude Defendants from presenting testimony or evidence on (1) attorneys' fees and costs, (2) liquidated damages, (3) Plaintiffs' counsel, (4) Plaintiffs' payment or non-payment of federal income taxes, (5) Plaintiffs' arrests, convictions, pleas, and pending criminal cases, (6) Plaintiffs' prior litigation against Defendants, and (7) Plaintiffs' immigration status. Defendants do not oppose most of the relief sought and only object to the introduction of evidence related to

3

Plaintiffs' payment of federal income taxes and Plaintiffs' prior litigation against Defendants. Accordingly, Plaintiffs' motion to exclude any testimony or evidence related to the categories enumerated above – *except* for the fourth and sixth categories – is **GRANTED**. We will consider the remaining issues in turn.

### A. *Plaintiffs' Taxes*

The first issue is whether Defendants should be precluded from presenting any evidence related to Plaintiffs' payment or non-payment of federal income taxes. Plaintiffs argue that evidence related to their taxes should be excluded under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Plaintiffs also claim that any evidence on this issue is irrelevant and creates undue prejudice in the minds of the jury:

> [T]he undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes—including the extent of Plaintiffs' reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Ortiz v. Santuli Corp.*, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009); *see also Torres v. Rock & River Food Inc.*, 2016 WL 8716674, at *3 (S.D. Fla. May 11, 2016) ("In this case, the Court is not faced with a plaintiff who *falsified* tax returns or was convicted of tax fraud or tax evasion. Although the Court does not condone the Plaintiff's actions, his failure to pay income taxes has only minor probative value to his character for truthfulness. That probative value, however, is substantially

4

outweighed by confusion of the issues and misleading the jury.") (emphasis in original).

On the other hand, Defendants rely on cases where courts have allowed defendants to inquire about a plaintiff's failure to pay income taxes to attack a plaintiff's credibility under Federal Rule of Evidence 608(b).[2] S*ee Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011); *Palma*, 2011 WL 6030073, at *1; *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."). Because the question of whether Plaintiffs paid federal income taxes is allowed for impeachment purposes under the Federal Rules of Evidence and it relates to the question of whether Plaintiffs worked for other employers during the same period for which they are seeking overtime and minimum wage compensation, Defendants conclude that this inquiry should be allowed given the facts of this case.

We agree with Defendants that whether Plaintiffs paid federal income taxes is allowed for impeachment purposes because it is probative of Plaintiffs' character for truthfulness. *See Solano v. A Navas Party Prod., Inc.*, 2010 WL 11505479, at *2

---

[2] Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). A court, however, "may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." *Id*. Extrinsic evidence may also be admitted "where it is introduced to disprove a specific fact material to the defendant's case." *United States v. Calle,* 822 F.2d 1016, 1021 (11th Cir. 1987) ("[E]vidence relevant to a material issue is not rendered inadmissible because it happens to include references to specific bad acts of a witness.").

(S.D. Fla. July 12, 2010) ("If Plaintiff never paid taxes, that too, may be probative of his truthfulness.") (citing *See Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."); *Mischalski v. Ford Motor Co.*, 935 F. Supp. 203, 208 (E.D.N.Y. 1996) (failure to pay income taxes bears "directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes if plaintiff takes the stand.")); *see also Tapia,* 2013 WL 12198827, at *1 ("Plaintiff seeks to preclude questions about his federal income taxes; in particular, whether he filed tax returns and whether he reported all income on his returns. We deny Plaintiff's request because evidence that he failed to file tax returns or report all his income is relevant for impeachment purposes.").

While Plaintiffs claim that questions related to federal income taxes may be prejudicial, that argument is unpersuasive and circular because impeachment evidence is by definition prejudicial. The only question is whether the probative value is outweighed by the danger of unfair prejudice and we conclude that it is not. Defendants are entitled for impeachment purposes to attack the truthfulness of Plaintiffs if the latter failed to complete all the required information on their federal income taxes. To that end, the same holds true for Plaintiffs in undermining Defendants' credibility to the extent that they failed to pay income taxes. This means that impeachment evidence cuts both ways and it is the role of the jury to make the appropriate credibility determinations. Therefore, Plaintiffs' motion to exclude any evidence related to the payment of federal income taxes is **DENIED**.

6

## B. *Prior Litigation*

The final issue is whether any references to Ms. Gutierrez's and Ms. Brito's prior litigation against Defendants should be excluded at trial. Defendants argue that Ms. Gutierrez and Ms. Brito each filed prior lawsuits against them and that they should be allowed to cross examine these plaintiffs to determine if (1) there are any prior inconsistent statements, and (2) whether either plaintiff has any motive or bias in filing this lawsuit.

It is well settled in the Eleventh Circuit that evidence of other lawsuits is generally considered to be inadmissible hearsay. *See In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2014 WL 505234, at *5-6 (S.D. W. Va. Feb. 5, 2014) (citing *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993)); *see also Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 369 n.2 (11th Cir. 2009) (excluding a complaint filed in a prior lawsuit against defendant as hearsay); *Roberts v. Harnischfeger Corp.*, 901 F.2d 42, 44-45 (5th Cir. 1989) (affidavit summarizing copies of notices of pending litigation against the defendant properly excluded as hearsay); *Amegy Bank Nat'l Ass'n v. DB Private Wealth Mortg., Ltd.*, 2014 WL 791505, at *2 (M.D. Fla. Feb. 24, 2014) (excluding any "references to allegations, petitions, complaints or claims against [defendant] in other suits" as hearsay); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 2013 WL 1155420, at *7 (S.D.N.Y. Mar. 20, 2013) (excluding "[r]eferences to other lawsuits including their factual allegations and evidence"). The reason evidence of prior lawsuits is generally not allowed is because evidence of other cases can at

times "lead to a series of mini-trials," and pose a danger of confusing and misleading the jury "from the task at hand of evaluating plaintiff's claims," including a "waste of time and judicial resources." *Smith v. E-backgroundchecks.com, Inc.*, 2015 WL 11233453, at *2 (N.D. Ga. June 4, 2015).

In light of that, we agree in some respects that evidence of prior lawsuits cannot be permitted given the danger of unfair prejudice. On the other hand, "depending on the evidence offered at trial, evidence of other lawsuits might be used for impeachment," if the evidence is relevant and undermines the allegations presented (i.e. whether Plaintiffs worked for another employer at the same time they allege to have worked overtime). *Rushing v. Wells Fargo Bank, N.A.*, 2012 WL 3155790, at *1 (M.D. Fla. Aug. 3, 2012). We cannot, however, make a final determination at this time because it is unclear what evidence Defendants specifically seek to introduce. Accordingly, Plaintiffs' motion is **GRANTED**, but only to the extent that the motion seeks to prohibit any reference to prior lawsuits for non-impeachment purposes. As for Plaintiffs' motion to exclude any testimony or evidence of prior lawsuits for impeachment purposes, Plaintiffs' motion is **DENIED without prejudice** and may be renewed at trial.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion in limine [D.E. 72] is **GRANTED in part** and **DENIED in part**:

A. Plaintiffs' motion to exclude any evidence of attorneys' fees and costs, liquidated damages, Plaintiffs' counsel, arrests, convictions, pleas, pending criminal cases, and Plaintiffs' immigration status is **GRANTED**.

B. Plaintiffs' motion to exclude any evidence of whether Plaintiffs paid federal income taxes is **DENIED**.

C. Plaintiffs' motion to exclude any evidence of prior lawsuits is **GRANTED** but only to the extent that the motion seeks to prohibit any reference to prior lawsuits for non-impeachment purposes.  As for Plaintiffs' motion to exclude any evidence of prior lawsuits for impeachment purposes, Plaintiffs' motion is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of July, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge